CHARLES MILLER v. THE HILLSBOROUGH MUTUAL FIRE ASSURANCE ASSOCIATION.

1. If, in a declaration making profert of a deed, any part of it material to the defence be omitted by the plaintiff, the proper mode for the defendant is to pray *oyer*.
2. Profert of a deed, with conditions annexed, justifies *oyer* of all the deed and conditions, but not of other matters referred to in the deed but not annexed.
3. In an action on a deed conditioned for the performance of covenants in another deed, the defendant in his plea of performance must show such deed without craving *oyer*. If the defendant wishes to avail himself of anything which does not appear upon the face of the deed of which plaintiff makes profert, he must plead it specially.
4. The right to *oyer* may be tested by motion to strike out.

---

On motion to strike out plea.

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *Geo. S. Grosvenor* and *E. L. Campbell.*

For the defendant, *Bartine & Griggs.*

The opinion of the court was delivered by

VAN SYCKEL, J.　This suit is brought to recover the value of a house insured by the defendant company.

The declaration makes profert of the policy of insurance, and alleges that the said company made the assurance accord-

ing to the terms of the constitution, by-laws and conditions of the said association, and that said defendants should be liable and subject to pay and satisfy, according to the terms of said constitution, by-laws and conditions, any loss that might happen by fire to the insured premises within ten years, not exceeding the sum of $1500.

The declaration then avers that the following articles, by-laws and conditions were annexed to said policy, and sets out all the conditions which are annexed to the policy.

The defendants by their second plea crave *oyer* of the constitution and by-laws of the defendants, and of the conditions upon which the defendants make insurance, which are read to them—certain parts thereof being in these words:

Constitution, section 2 : " And be it enacted, that all persons who shall insure in or with said association shall be deemed and taken for members of the said corporation ; and that the property and concerns of the said corporation shall be conducted and managed by seven directors."

By-laws or conditions of insurance, article 33 : " No surveyor shall take an insurance on any unoccupied house. Nor shall any policy be valid against this association where a dwelling remains unoccupied more than thirty days. Outbuildings belonging to an unoccupied house shall be included in this restriction."

The pleader then avers that by force of said policy the plaintiff became and was a member of said insurance association, and thereby became and was subject to all the rights and liabilities of such members, and that said policy was delivered to and accepted by the plaintiff expressly subject to the terms of said constitution, by-laws and conditions. The defence rested upon these allegations is, that for more than thirty days next preceding the time when said house was destroyed by fire, the same remained unoccupied without the consent of the defendants, and that by reason thereof the said assurance became invalid and void.

These conditions are not among those annexed to the policy of insurance, but the defendants insist that they are part of the constitution, by-laws and conditions of their company,

and that the policy sued upon was in express terms made subject to them.

The plaintiff has moved to strike out this plea, on the ground that no conditions except those annexed to and set out in the policy can affect the contract.

A question of such importance will not be decided upon motion to strike out. If well pleaded, the plaintiff will be put to demurrer. All that can be considered upon this motion is, whether the defendants can, by craving *oyer*, raise the defence set up by this plea.

When either party alleges any deed, the general rule of pleading is that he must make profert of it—that is, to produce it in court simultaneously with the pleading in which it is set up. This, in the days of oral pleading, was an actual production in court, where it remained during the term. Since then it consists of a formal allegation that he shows the deed in court, it being in fact retained in his own custody.

Where profert is thus made by one of the parties, the other, before he pleads in answer, is entitled to demand *oyer*—that is, to hear it read.

Under the common law practice, if a party demanded *oyer* in a case where, upon the face of the pleading, his adversary conceived it not to be demandable, the latter might demur, or if he had any matter of fact to allege why the *oyer* could not be demanded he might plead such matter, which was called a counter-plea to the *oyer*. *Steph. Pl.* 86–94; 1 *Tidd's Prac.* (*Am. ed.*) 586.

Under our practice, where motion to strike out is so much resorted to, I think it may be judiciously used for the purpose of testing the right to *oyer;* special demurrer being abolished and counter-pleading being unknown in our practice.

If in the declaration any part of a deed rendering the defendant's contract is similar to that stated be omitted by the plaintiff, the proper mode for the defendant is to pray *oyer*. This is the only way in which a party can relieve himself when the opposite party omits any material part of an indenture which he is bound to state, for he cannot reply that

by the said indenture it was further agreed so and so. · *Smith* v. *Yeomans*, 1 *Saund.* 317, *note* 2 ; 1 *Chit. Pl.* 417.

But it is necessary in an action on a bond or deed conditioned for the performance of covenants in another deed, for the defendant in his plea of performance to show such deed without craving *oyer.* 1 *Chit. Pl.* 416.

Profert of a deed, with conditions annexed, justifies *oyer* of all the deed and conditions, but not of other matters referred to in the deed, but not annexed.

If the defendant wishes to avail himself of anything which does not appear upon the face of the policy of insurance of which profert is made, he must plead it specially.

There is a further infirmity in the plea. The *oyer* craved is not only of the constitution and by-laws referred to in the policy but not made part of it, but also of the conditions on which the defendants make insurance. This erroneously asks for conditions in force not at date of policy, but at the time of pleading.

The plea is irregular and should be stricken out.